UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. GREEN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 22-cv-0693 |
| | : | |
| CLIFF KNAPPENBERGER, | : | |
|     Defendant. | : | |

**O P I N I O N**

Joseph F. Leeson, Jr.                                                                                                                                                                                                                      June 28, 2022
United States District Judge

       Plaintiff John J. Green, an inmate currently confined at Lehigh County Jail ("LCJ"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as Defendants are Cliff Knappenberger, who is identified as an Investigator, and LCJ. (Am. Compl., ECF No. 5.) Green seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Green leave to proceed *in forma pauperis* and dismiss his Amended Complaint[1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). He will be granted leave to file a second amended complaint as set forth more fully below.

---

[1]      Green filed an initial Complaint, along with an Application to Proceed *In Forma Pauperis* and a certified copy of his prisoner trust fund account statement on February 22, 2022. (*See* ECF Nos. 1-3.) Before the Court had an opportunity to screen the Complaint pursuant to 28 U.S.C. § 1915, Green filed an Amended Complaint (ECF No. 5) and an additional Application to Proceed *In Forma Pauperis*, as well as a certified copy of his prisoner trust fund account statement (ECF Nos. 6, 7). An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations

## I.  FACTUAL ALLEGATIONS[2]

Green alleges that on December 27, 2021, he was placed in "the hole for a misconduct for a major, for making threatening phone calls to family and friends" and also to his attorney. (*See* Am. Compl. at 4.)[3] Green states, "I was also told my telephone ID name says your dead which in fact it just says your dad." (*Id.*) He was given twenty days "in the hole" for the misconduct. (*Id.*) Green asserts that "nobody followed up on any of the evidence" and "there was a recording that was offered to listen to upon request of the hearing chairperson which he never bothered to listen or even ask at that." (*Id.*) According to Green, the "chairperson also wrote and told me that the people I had wrote down to call was not relevant to my hearing." (*Id.*)

In a handwritten supplement to the form Complaint, Green provides the following additional explanation of his claims:

> I've wrote to the Warden and also the Secretary of the Warden in which Mike Salters told me to write and to ask to have my TiD changed from your dad in which I think it was to erase the evidence, the investigator wrote that I was also subject of a misconduct on 10/12/21 for contacting my victim. Also Mike Salters said the evidence supports the hearing decision, and that I was making these calls to numerous people he has blocked me from the tablet for 2 years and blocked my best friend of 11 yrs as well.

(*Id.* at 5.) Green claims that he is "innocent" of the misconduct charge and that his First, Sixth, and Eighth Amendment rights have been violated. (*Id.* at 4, 5.) Green further contends that he

---

from superseded pleadings"). Consequently, the Amended Complaint is the governing pleading in this case.
[2]     The allegations set forth in this Memorandum are taken from Green's Amended Complaint and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).
[3]     The Court adopts the pagination supplied by the CM/ECF docketing system.

brings suit for "defamation of character, . . . wrongful ac[c]usation, slander, use of tablet, and lose [sic] of job." (*Id.* at 4.) He seeks $85,000 in damages. (*Id.*)[4]

## II.   STANDARD OF REVIEW

The Court will grant Green leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Green is

---

[4] Green does not allege whether he was held as a pretrial detainee or as a convicted prisoner at the time of the events described in the Amended Complaint. A review of public records reveals that Green had several cases pending at the time of the events underlying his Amended Complaint. *See, e.g., Commonwealth v. Green*, CP-39-CR-0002871 (C.P. Lehigh); *Commonwealth v. Green*, CP-39-CR-0001694-2019 (C.P. Lehigh); *Commonwealth v. Green*, CP-48-CR-0000770-2019 (C.P. Northampton). It is unclear from these records whether Green was confined at Lehigh County Jail as a pretrial detainee or convicted prisoner during the time relevant to his claims. Since the legal standard applicable to some of his claims may be different depending upon whether he was a pretrial detainee or a convicted prisoner when the events took place, the Court will analyze the claims using both standards.

[5] However, as Green is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

The Court understands Green to claim that his constitutional rights were violated when he was given a misconduct based on false allegations that he made threatening phone calls, placed in "the hole" for twenty days, and his tablet access was restricted. These claims, however, fail as pled as set forth more fully below.

### A.   First Amendment Claim

Green seeks to present a claim based on violations of his First Amendment rights. (*See* Am. Compl. at 4, 5.) Although prisoners may have a limited First Amendment right to communicate with family and friends, *see Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003), "prisoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (*per curiam*) (quoting *Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994)); *see*

*also Randall v. Cty. of Berks, Pa.*, No. 14-5091, 2015 WL 5027542, at *17 (E.D. Pa. Aug. 24, 2015) (noting that "a pretrial detainee does not have unfettered telephone access"). "[A] prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" *Id.* (citing *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)). Moreover, where alternate means of communication are available, the limitation on a particular means of communicating may not be deemed unreasonable. *See Ortiz-Medina v. Bradley*, No. 19-2133, 2020 WL 362697, at *5 (M.D. Pa. Jan. 22, 2020).

The Court can discern no plausible basis from the allegations of the Amended Complaint to conclude that Green's First Amendment rights were violated by the named Defendants. Green alleges that, following the misconduct, "Mike Salters . . . blocked me from the tablet for 2 yrs and blocked my best friend of 11 yrs as well." (Am. Compl. at 5.) The Amended Complaint is devoid of factual allegations as to how the named Defendants caused him to be unable to communicate with family and friends. *See Aruanno v. Johnson*, 568 F. App'x 194, 195 (3d Cir. 2014) (*per curiam*) (conclusory allegations "concerning [prisoner's] lack of phone access to friends and family" failed to state a claim); *see also Almahdi*, 310 F. App'x at 522 (rejecting First Amendment claim based on telephone restrictions where restrictions were deemed reasonable because prisoner was under investigation for telephone abuse and where "Almahdi makes no assertion—and there is no evidence — that he lacked alternative means of communicating with persons outside the prison") (citing *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002)). Accordingly, Green has not stated a plausible First Amendment claim and this claim will be dismissed without prejudice.

### B. Fourteenth Amendment Claims

The Court understands Green as alleging that his due process rights were violated in connection with the adjudication of the misconduct charge and the resultant restrictions on his use of the tablet for communication purposes, as well as the time he spent in "the hole." (*See* Am. Compl. at 4, 5.) Green contends that "nobody followed up on any of the evidence," that the "hearing chairperson" "never bothered to listen to" a relevant recording, and that he was told that "the people I had wrote down to call was not relevant to my hearing." (*Id.* at 4.)

The United States Court of Appeals for the Third Circuit has noted that, "[g]enerally, prisons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the 'underlying crime of which he stands accused.'" *Kanu v. Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting *Rapier v. Harris*, 172 F.3d 999, 1003-06 (7th Cir. 1999)). However, while "'pretrial detainees do not have a liberty interest in being confined in the general prison population, they do have a liberty interest in not being detained indefinitely in [disciplinary segregation] without explanation or review of their confinement.'" *Singleton v. Superintendent Camp Hill SCI*, 747 F. App'x 89, 92 (3d Cir. 2018) (*per curiam*) (quoting *Bistrian v. Levi*, 696 F.3d 352, 375 (3d Cir. 2012)). With respect to pretrial detainees, "the imposition of disciplinary segregation for violation of prison rules and regulations cannot be imposed without providing the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 . . . (1974)." *Kanu*, 739 F. App'x at 116. Such protections "include the right to receive written notice of the charges at least 24 hours before the hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence." *Id.* (citing *Wolff*, 418 U.S. at 563-66); *see also Stevenson v. Carroll*, 495 F.3d 62, 70 (3d Cir. 2007).

The standard applicable to convicted prisoners is less stringent. For a prisoner, a constitutional deprivation involving disciplinary proceedings triggering the procedural protections set forth in *Wolff* occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The standard is less stringent for a convicted prisoner because "[d]iscipline by prison officials in response to a wide range of misconduct" is to be expected as part of an inmate's sentence. *See id.* at 485. Thus, "[w]hen considering whether an inmate's placement in segregated housing triggers a legally cognizable interest courts should consider: (1) the amount of time spent in segregation; and (2) whether the conditions of segregation were significantly more restrictive than those imposed on other inmates in segregation." *Allah v. Bartkowski*, 574 F. App'x 135, 139 (3d Cir. 2014). In *Sandin*, the Supreme Court concluded that placement in disciplinary segregation for thirty days did not deprive the inmate of a protected liberty interest. *See Sandin*, 515 U.S. at 486. The United States Court of Appeals for the Third Circuit has held that "[p]lacement in administrative segregation for days or months at a time . . . do[es] not implicate a protected liberty interest." *Arango v. Winstead*, 352 F. App'x 664, 666 (3d Cir. 2009) (*per curiam*) (citing *Torres v. Fauver*, 292 F.3d 141, 150 (3d Cir. 2002)).

Green's due process claim is not plausible as pled. As noted above, Green does not allege whether he was held as a pretrial detainee or a convicted inmate at the time of the events relevant to his due process claim. In any event, he does not plausibly allege the procedures set forth in *Wolff* were denied to him. While it appears that a hearing was held and that he received a written decision on the charge, it is unclear whether Green received advance written notice of the charges before the hearing or the opportunity to present witnesses and documentary evidence. The Court further notes that while Green contends that he was wrongfully accused of contacting

his victim, "the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process." *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (*per curiam*). This is because "[d]ue process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports." *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (*per curiam*); *see also Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim."); *London v. Evans*, No. 19-559, 2019 WL 2648011, at *3 (D. Del. June 27, 2019) ("The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges."); *King v. Quigley*, No. 18-5312, 2019 WL 342710, at *2 (E.D. Pa. Jan. 25, 2019) (dismissing detainee's due process claims upon screening, where claims were based "solely on the basis that he believe[d] the misconducts issued against him were false" and detainee did not allege he was not provided applicable protections). Nevertheless, because the Court cannot say at this time that Green can never state a plausible due process claim concerning the adjudication of the misconduct charge and the resultant restrictions on his use of the tablet for communication purposes, as well as the time he spent in "the hole," this claim will be dismissed without prejudice, and Green will be granted leave to amend the claim if he can cure the defects the Court has identified in his claim.[6]

---

[6]    Although Green refers to the Sixth Amendment, he does so in terms of his due process rights. (*See* Am. Compl. at 4.)  In any event, it is unclear what the basis for a Sixth Amendment claim could be based on the allegations of the Amended Complaint.  Additionally, while Green claims that he has suffered "defamation of character" and "slander," his Amended Complaint fails to state an actionable due process claim under § 1983 based on harm to his reputation.  An individual does not have a protected interest in reputation alone.  *See Thomas v. Independence Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)); *see also Randall v. Facebook, Inc.*, 718 F. App'x 99, 101 (3d Cir. 2017) (*per curiam*).  Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is

C. **Eighth Amendment Claim**

To the extent that Green alleges that his Eighth Amendment rights were violated, the allegations in Green's Amended Complaint do not provide a basis for such a claim. Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety." *Id.; see also Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020). "'[P]unitive isolation is not necessarily unconstitutional, but it may be, depending on the duration of the confinement and the conditions." *Bailey v. Kauffman*, No. 21-3357, 2022 WL 1115136, at *2 (3d Cir. Apr. 14, 2022) (quoting *Hutto v. Finney*, 437 U.S. 678, 685 (1978)).

Green's placement in "the hole," and the process that was used in determining that placement and in maintaining that placement for twenty days, do not equate to a sufficiently serious deprivation that would give rise to a claim under the Eighth Amendment. *See Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997) (noting that placement in administrative custody for

---

accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12). Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest"). Green simply has not done so here.

fifteen months did not set forth an Eighth Amendment claim since the plaintiff failed to present "evidence that he was denied basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety"); *see also Bailey*, 2022 WL 1115136, at *2 (finding no Eighth Amendment violation because inmate did not allege that he was denied any of life's necessities while in disciplinary custody, nor did he allege that he suffered the infliction of pain or injury, or a deliberate indifference to the risk that it might occur, and forty-five days in disciplinary custody was not a dramatic departure from accepted standards for conditions of confinement for inmates and was typical of the disciplinary housing that a prisoner would reasonably anticipate receiving at some point during his incarceration); *Jenkins v. Murray*, 352 F. App'x 608, 611 (3d Cir. 2009) (*per curiam*) (approving dismissal of Eighth Amendment claim based on inmate's placement in administrative custody for three months where inmate failed to "allege that he was denied any basic human need"). Accordingly, the Court will dismiss Green's Eighth Amendment claim with prejudice.[7]

---

[7]      The Due Process Clause of the Fourteenth Amendment governs conditions of confinement claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson*, 495 F.3d at 68. "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).
    In that regard, "a 'particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Bistrian v. Levi*, 696 F.3d 352, 373 (3d Cir. 2012) (quoting *Stevenson*, 495 F.3d at 68); *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017). Courts should consider the totality of the circumstances in evaluating such a claim. *Bistrian*, 696 F.3d at 373 ("In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution."). Furthermore, "[i]n determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion,"

### D.  Claims Against Defendant Knappenberger

Even if Green had sufficiently alleged a constitutional deprivation, his § 1983 claims against Defendant Knappenberger nevertheless fail because he does not provide facts supporting an inference that Defendant Knappengerger was personally involved in the constitutional deprivation.  Green identifies Defendant Knappenberger as an "Investigator."  (*See* Am. Compl. at 2.)  With respect to Defendant Knappenberger specifically, it appears that Green's only allegation is that "the investigator wrote that I was also subject of a misconduct on 10/12/21 for contacting my victim."  (*Id.* at 5.)[8]  These allegations fail to articulate the personal involvement of Defendant Knappenberger in the alleged constitutional violations as is required.  *See Rode*, 845 F.2d at 1207 ("Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity."); *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *see also Lawal v. McDonald*, 546 F. App' x 107, 113-14 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims).  In other words, Green has not alleged what Defendant

---

courts are obligated to keep in mind that  "such considerations are peculiarly within the province and professional expertise of corrections officials . . . ."  *Stevenson*, 495 F.3d at 68 n.3.  The Fourteenth Amendment standard is also not satisfied here.

[8]     Green submitted a handwritten letter directed to a former Clerk of Court along with his Amended Complaint.  (*See* Am. Compl. at 1.)  Therein, Green appears to express the mistaken assumption that because the Court did not return to him a time-stamped copy of his initial submission, Defendant Knappenberger "intercepted" the initial submission and sought to prevent Green's filing from being reviewed by the Court.  (*See id.*, stating "[T]his is my second 1983 I've sent out to you, I believe the defendant Cliff Kanppenberger – the investigator has intercepted my first form I've mail[ed] on the 15th of Feb of 2022 cuz I have not received any legal mail back from the Clerk of Courts stating or time stamped . . . I know I have a case here and he has done everything to stop me from being able to get this to you.").  Green is advised that the Court does not provide time-stamped copies of litigants' pleadings.

Knappenberger did, or did not do, to violate his constitutional rights. Green's claims against Defendant Knappenberger will be dismissed without prejudice pursuant to 42 U.S.C. § 1915(e)(2)(B)(ii).

### E. Claims Against LCJ

It appears that Green also seeks to name LCJ as a Defendant. (*See* Am. Compl. at 2.) However, a prison or jail, such as LCJ, is not legally a "person" subject to liability under § 1983. *See Sanabria v. St. Lukes Hosp. (Sacred Heart Campus)*, No. 20-4091, 2020 WL 7495665, at *6 (E.D. Pa. Dec. 21, 2020); *see also Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010). Accordingly, the Court will dismiss Green's claims against LCJ with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. CONCLUSION

As set forth more fully above, Green's Eighth Amendment claims and the claims against LCJ will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Green's First Amendment claims, due process claims based on the adjudication of the misconduct charge, and claims against Defendant Knappenberger will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Cognizant of Green's *pro se* status, the Court will grant Green an opportunity to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No.

18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  Any second amended complaint should clearly describe the factual basis for Green's claims against the relevant defendants and how each defendant was involved in the alleged denial of his Constitutional rights.  Green is advised that any amended pleading must be sufficient in itself and may not rely on any earlier filings.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**